The City Bank of New Orleans v. Walton.

THE CITY BANK OF NEW ORLEANS *v.* JOHN S. WALTON.

No action whatever, executory or ordinary, can be maintained against a *bankrupt*, regularly discharged under the act of Congress of 19th August, 1841, for a debt contracted previous to his bankruptcy, where the plaintiff was placed on the list of creditors filed in compliance with the act. The action must be against the assignee.

The consent of the mortgagee to the sale of property mortgaged with the clause, *de non alienando*, evidenced by joining in the act of sale, is a waiver of the right of the direct action, and he cannot afterwards proceed without notice to those who may have subsequently acquired rights. Any proceedings must be against the third possessors of the property.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Lockett* and *Micou*, for the plaintiffs. With regard to the plea of his discharge, as a bankrupt, filed by the defendant, its object is answered by the waiver of any personal judgment against him.

The only question is, whether the property should have been ordered to be sold, without making the assignee of John S. Walton or of S. C. Ogden, or the representatives or heirs of G. B. Ogden, parties to the suit.

The plaintiff contends, that there was no necessity for making them parties.

The clause, *de non alienando*, relieves the mortgagee from the necessity of noticing any subsequent sale to the prejudice of his mortgage.

This exemption was not waived, but strictly preserved in the sale to S. C. Ogden.

The substance of the agreement of the Bank, in that sale, was, to await the maturity of the new notes before enforcing its original mortgage; but, if those notes should be protested, the right to proceed on the original mortgage, was reserved as fully as if the Bank had not intervened in the act.

The contingency having arrived by the protest of all the new notes, the Bank has the right to proceed on its original mortgage.

The Bank has not waived the benefit of the clause, *de non alienando*, except as above stated.

It was not necessary to make the assignee of Walton a party, because he had sold the property long before his bankruptcy.

The same reason applies to the assignee of Samuel C. Ogden, who had also sold.

It was not necessary to call in the heirs of G. B. Ogden, because all the renewals allowed to him by the Bank, must necessarily be construed to have been permitted, with reference to the stipulations of the act of sale to S. C. Ogden, under whom G. B. Ogden held title.

The loan in this case was granted under the charter of the City Bank. regulating loans on mortgages. The eighth section confers upon the Bank all the rights and privileges attached to mortgages under the charter of the Consolidated Association. See Act of Incorporation, Acts of 1831, p. 34.

The charter of the Consolidated Association secures to it the privilege of proceeding on mortgage, contradictorily with the original mortgagor, notwithstanding any failure, death, or transfer. See the 22d section of the charter. 2 Moreau's Digest, 404.

*J. C. Clarke,* for the appellant.

GARLAND, J. In May, 1836, the plaintiffs loaned the defendant $15,000, secured by a mortgage on a half square of ground in the *faubourg* Annunciation. He paid $3000, the amount of the first instalment. In the act of mortgage, it was stipulated that Walton should not alienate the property, to the prejudice of the plaintiffs' mortgage. On the 1st of March, 1839, Walton sold the property to Samuel C. Ogden, for $17,000, of which $7000 were to be paid in three years, from the 9th of February, 1839, and $10,000 in four years from that date. In this act the petitioners intervened, and agreed, that they would receive the notes of said Samuel C. Ogden, endorsed by George B. Ogden, discount them, and apply the proceeds to the payment of Walton's debt; but his bond and mortgage were to be kept in full force and effect, until the notes were paid. On the 9th of June, 1842, Samuel C. Ogden sold the piece of ground to George B. Ogden, who engaged to pay his notes; but to this act, the City Bank was not a party. In February, 1841, George B. Ogden wrote a letter to the President and Directors of the City Bank, informing them that S. C. Ogden's note became due that day, and that he wished to give his own note for $4000, in part payment, permitting the mortgage note of $7000 to remain as security. This arrange-

ment was acceded to, and the note of Geo. B. Ogden was renewed from time to time, until it was reduced to $2500. The two notes of Samuel C. Ogden, of $5000 each, due in February, 1843, were protested for non-payment. In the course of the year 1842, both Walton and Samuel C. Ogden were declared bankrupts, and have been regularly discharged. George B. Ogden died, and no one has been appointed to administer his succession. In this state of affairs, the City Bank presented their petition, claiming a judgment against Walton on the original contract, and a sale of the property mortgaged, to satisfy the same, without making the assignee of Walton a party, or giving any notice to the heirs or legal representatives of George B. Ogden, deceased, or to the assignee of Samuel C. Ogden.

To the petition presented as aforesaid, Walton pleaded his discharge, as a bankrupt, and prayed to be dismissed. It was admitted, that he was discharged, but the court said as there was a clause, *de non alienando*, in the mortgage, a judgment should be given, ordering the property to be sold, and a sufficiency applied to the payment of the debt owing to the plaintiffs ; the excess, if any, reserved by the purchaser to be paid to whomsoever might own the ground at the time. From this judgment Walton has appealed.

There are various reasons why this proceeding cannot, in our opinion, be maintained :

*First.* Because, it being admitted that Walton is a bankrupt, regularly discharged in the United States Court, no action, executory or ordinary, can be maintained against him, for a debt contracted previous to his bankruptcy, when the creditor has been placed on the list of creditors, filed in compliance with the act of Congress. Laying out of view entirely the question of jurisdiction in the court, we are satisfied, that if any action can be maintained at all, it must be against the assignee, and not against the discharged debtor.

*Secondly.* The Bank having intervened in the act of sale from Walton to Samuel C. Ogden, and consented to the transfer of the property mortgaged, we think the clause, *de non alienando*, in the mortgage, is modified in its effects, if not entirely destroyed, and that the proceedings should be against the third possessors of the

property. The Bank also knew of the sale from Samuel C. Ogden to George B. Ogden, and treated the latter as the real debtor for a considerable time previous to the institution of these proceedings ; it is, therefore, not a proper course to pursue now, to disregard all their acts of recognition, and to fall back upon the direct action, which the insertion of the clause, *de non alienando*, in the original mortgage gave. The consent of the Bank to the sale from Walton to Samuel C. Ogden, was a waiver of the right of the direct action ; and the plaintiff cannot resume it, without notice to those who have subsequently acquired rights.

The judgment of the Commercial Court is, therefore, annulled and reversed, and the case dismissed at the costs of the plaintiff in both courts.